WALTZER, Judge.
We are called upon to decide, whether prior to the filing of formal charges and prior to the allotment of the case to a specific trial court section, a judge of the Criminal District Court for Orleans Parish has jurisdiction over a defendant for the purpose of reducing, increasing, or changing bail that has already been set by a Magistrate Judge.

BACKGROUND FACTS

On June 12, 1993, the defendant was arrested on various charges. Magistrate Commissioner Ad Hoc Hesni on that day set bond on all charges in the amount of $125,000.00 for the defendant. Without charges having been formally accepted and without the requisite allotment by the District Attorney, in an ex parte proceeding, Judge Marullo reduced the bond set in Magistrate Court to $10,000.00 on each count, and released the defendant on her own recognizance. On June 18, 1993, after being contacted by the prosecution, that same district judge reinstated the original bond. Prior to the reinstatement of the original bond, a hearing was held and the attorneys were present.
On June 22, 1993, after a second hearing was held in front of Magistrate Commissioner Sciambra, the bond was reduced to $25,000.00 on each count. After being contacted by the prosecution the next day, Judge Sciambra reinstated the original bond, taking into account that he had received incorrect information. On June 24, 1993, Judge Marullo changed the defendant’s bond once more to a $50,000.00 surety bond and a $75,000.00 personal recognizance bond, in effect a $75,000.00 bond reduction.
In this emergency application for supervisory writs, the State now comes before this court requesting that we vacate the orders of Judge Marullo and to reinstate the original bond of $125,000.00 for the defendant set by Ad Hoc Commissioner Hesni. Additionally, the State requests that a hearing be conducted in Magistrate Court before Judge Sciambra.

THE LAW

C.Cr.P. art. 315 expressly provides:
Art. 315. Authority to fix bail
The following magistrates, throughout their several territorial jurisdictions, shall have authority to fix bail:
(1) District Courts having criminal jurisdiction, in all cases;
(2) City or parish courts having criminal jurisdiction, in cases not capital;
(3) Mayor’s courts and traffic courts in criminal cases within their trial jurisdiction;
(4) Juvenile and family courts in criminal cases within their trial jurisdiction; and
(5) Justices of the peace in cases not capital or necessarily punishable at hard labor.
In Orleans Parish, however, magistrate sections exist in the Criminal District Court under the provisions of R.S. 13:1346-1347. R.S. 13:1346(C) provides:
C. In addition to the sections of the Criminal District Court for the Parish of Orleans now existing, there is hereby created the Magistrate Section of the Criminal District Court for the Parish of Orleans, and the additional judge created herein shall be known as the Magistrate and shall preside over the Magistrate Section. Said judge shall have jurisdiction to act as committing magistrate in felony and misdemeanor charges and to hold preliminary examinations, with the authority to bail or discharge, or to hold for trial, in all cases before the Criminal *156 District Court for the Parish of Orleans, and shall have the power to adopt all necessary rules with respect thereto.
Rule IV. of the Criminal District Court provides, in part:
Rule IV. The Magistrate Section of the Court
Section 1. The Magistrate Section shall be composed of the Magistrate Judge and four Commissioners. The purpose of this Section of the Court is to provide every arrested person (hereinafter called defendant), who has been arrested under State Statute, prompt access to a committing Magistrate Commissioner who shall conduct a hearing within a reasonable time after a person has been arrested.
(e) To set bail upon request of a defendant.
Section 2. In order to perform these functions, the Magistrate Court shall be open seven days a week, twenty-four hours a day.
Further, C.Cr.P. art. 321 reads as follows:
Art. 321. Increase or reduction of bail; sufficiency of security
A. The court having trial jurisdiction over the offense charged, on its own motion or on motion of the state or defendant, for good cause may either increase or reduce the amount of bail, or require new or additional security.
B. The sufficiency of security posted in the form of an appearance bond by a bail bond or surety company, as required by the provisions of Title 22 of the Louisiana Revised Statutes shall be within the discretion of the court having trial jurisdiction over the offense charged. Such court may, for good cause and on its own motion or oh motion of the state, after determining that an appearance bond written by a particular bail bond or surety company does not constitute sufficient security and that new or additional security is required, order the clerk of court to refuse to accept appearance bonds written by such company. (Emphasis added)
There are ten sections of the Criminal District Court for the Parish of Orleans wherein the district judge has jurisdiction over both misdemeanor and felony cases. However, no judge has “trial jurisdiction over the offense charged” until a formal charge is filed by the District Attorney and the case is allotted to a specific section of the court. The allotment is made by the clerk of court and is done by lot to prevent a defendant from in any way influencing the selection of the trial judge who shall preside over his case.
Accordingly, prior to the filing of formal charges and prior to the allotment of a case to a specific section of court, we hold that no judge of the Criminal District Court has trial jurisdiction over a defendant for the purpose of reducing or increasing bail that has been set by the magistrate under the authority of C.Cr.P. art. 315. We further hold that any motion to increase or reduce bail must be brought before the magistrate who set the original bond, as he retains exclusive jurisdiction over such matters until a formal charge is filed and the case is allotted to a section of the court.
Our court has held on several occasions that bonds reduced, increased or amended by judges who do not have trial jurisdiction, do so without authority to act, C.Cr.P. art. 321, and thus commit error.
Accordingly, we hereby vacate the orders of Judge Marullo, and we reinstate the original bond of $125,000.00 by the magistrate commissioner. Any further motions to reduce, increase or amend the bond must be brought before the Magistrate Commissioner until such time that the defendant is formally charged and his case is allotted to one of the ten felony sections of the Criminal District Court.