CIACCIO, Judge.
On the application of the State, we grant certiorari and consider whether prior to the filing of formal charges and prior to the allotment of the ease to a specific trial court section, a judge of the Criminal District Court for Orleans Parish has jurisdiction over a defendant for the purpose of reducing, increasing, or changing bail that has already been set by a Magistrate Judge.
On June 12, 1993, the defendant, Brad Elzie, was arrested on two counts of attempt *719 ed first degree murder. He appeared before Commissioner Ad Hoc Hesni on June 13, and his bonds were set at $120,000.00 for each charge, a total of $240,000.00. On June 14, however, even though charges had not yet been filed and the ease not yet allotted, Judge Meyer signed a bail order directing that the defendant be released on a bond of $15,000.00 per charge, a total of $30,000.00. The State subsequently filed in magistrate court a rule to set aside the bonds signed by Judge Meyer, but at Magistrate Hansen’s direction the State filed this rule in Judge Meyer’s section of court on July 21. The hearing on the rule was held on July 30, at the conclusion of which Judge Meyer denied the rale. The State now seeks relief from this ruling.
In its application, the State contends that Judge Meyer did not have the authority to reduce the bonds set in this case because charges have not been filed and the case has not been allotted to his section of the court. In support of its argument, the State cites State v. Archie Hall, unpub. (91-K-1375, La.App. 4th Cir., July 26, 1991), and State v. Amanda Neisler, 621 So.2d 154 (La.App. 4th Cir.1993).
In Hall, we held that prior to the acceptance of formal charges and the allotment of the case to a section of court, the only person authorized to increase or decrease a bond is the magistrate who set the original bond, citing C.Cr.P. art. 321 (now art. 342), which states in part “[t]he court having trial jurisdiction over the offense charged” is authorized to hear motions to increase of decrease bonds. We noted that prior to the allotment of a case, none of the sections of the Criminal District Court has jurisdiction over the case. We further held that any motion to increase or reduce bail must be brought before the magistrate who set the original bond, as he retains exclusive jurisdiction over such matters until a formal charge is filed and the case allotted to a section of the court.
Likewise, in State v. Louise Butler and Herbert Butler, 614 So.2d 365 (La.App. 4th Cir.1993) and State v. Amanda Neisler, supra, relying on Hall, we vacated orders by trial court judges who reduced bonds where they had no authority to do so as they had not been allotted the eases and we reinstated the original bonds set by the magistrates.
The Louisiana Legislature this year enacted the Bail Reform Act, Act 834, which became effective on June 22,1993. Pursuant to the act, C.Cr.P. arts. 315 and 321, which we relied upon in Hall, were renumbered as arts. 333 and 342, respectively. Art. 315 did not change. The portion of paragraph A of art. 321 was retained in new art. 342. Most recently in State v. Santana Thompson, unpub. (93-K-1489, La.App. 4th Cir., Aug. 2, 1993) and State v. Joann Collins, unpub. (93-K-1490, La.App. 4th Cir., Aug. 2, 1993), we reiterated the holdings of Hall, Butler and Neisler, incorporating the 1993 amendments to the bail provisions.
In the instant case, the bonds set by Commissioner Ad Hoc Hesni were reduced by Judge Meyer. Charges have not yet been filed and the case has not yet been allotted to a section of court. In accordance with our holdings in Hall, Neisler, Butler, Thompson and Collins, we find Judge Meyer did not have the authority to reduce the bond set by the Commissioner.
Accordingly, we hereby vacate the order of Judge Meyer, and we reinstate the original bonds of $120,000.00 on each charge set by Commissioner Ad Hoc Hesni. Any further motions to reduce, increase or amend the bond must be brought before the Magistrate Commissioner until such time that the defendant is formally charged and his ease is allotted to one of the ten felony sections of Criminal District Court.
APPLICATION FOR CERTIORARI GRANTED. RELIEF GRANTED. BOND REDUCTION ORDER VACATED. ORIGINAL BOND REINSTATED WITH ORDER.